## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN THE MATTER OF W.H.,<br>a minor student, by and through his<br>parents, M.H. and D.R., and | ) <br> ) <br> ) <br> ) | |
| J.A., a minor student, by and through his<br>parents, S.A. and M.A., and | ) <br> ) <br> ) | |
| J.B., a minor student, by and through his<br>parents, J.B. and S.B., | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | 3:15-cv-01014 |
| THE TENNESSEE DEPARTMENT OF<br>EDUCATION and<br>KNOX COUNTY SCHOOLS, | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## ANSWER OF DEFENDANT KCBE

Comes now Defendant Knox County Board of Education ("KCBE"), which operates the

Knox County School system, by and through counsel, and answers Plaintiffs' First Amended

Complaint [Doc. 4] as follows:

1.  The allegations of the Paragraph 1 are admitted.

2.  The allegations of the Paragraph 2 are admitted.

3.  The allegations of the Paragraph 3 are admitted.

4.  The allegations of the Paragraph 4 are admitted.

5.  It is admitted that the Knox County Board of Education operates the Knox County School

    system.

6. It is admitted that Knox County receives federal funds for the education programs. The Individuals with Disabilities Education Act ("IDEA"), Section 504 and the Americans with Disabilities Act ("ADA") speak for themselves. KCBE affirmatively states it complies with the IDEA, Section 504 and the ADA.

7. It is admitted that Plaintiffs allege claims under the IDEA, Section 504, and ADA. It is denied that there are any systemic issues within KCBE regarding those statutes. All other implied allegations are denied.

8. The allegations of the Paragraph 8 are admitted. It is admitted that this court has jurisdiction and that Knox County receives federal funding through TDOE.

9. Paragraph 9 does not appear to require an answer from KCBE. To the extent that Paragraph 9 implies a failure by KCBE to provide a free and appropriate public education ("FAPE") for Plaintiffs in their least restrictive environments ("LRE"), such allegations are denied. Placement decisions for each Plaintiff were based upon the Individualized Education Plan ("IEP") of each student by the IEP-team of which each Plaintiff parent was a member.

10. The allegations of Paragraph 10 are denied. KCBE specifically denies that Plaintiffs were "funneled" into any particular placements. Placement decisions for each Plaintiff were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. It is also denied that administrative exhaustion was not required prior to Plaintiffs filing this action.

11. To the extent that the allegations in Paragraph 11 require an answer from KCBE, they are denied. Placement decisions for students with disabilities are Individualized Education Plan ("IEP") team decisions based upon each student's IEP. It is denied that KCBE

2

"defaults to a more restrictive option of separate classroom in order to obtain more money."

12. To the extent Paragraph 12 applies to KCBE, it is denied.

13. 34 C.F.R. § 300.116(c) speaks for itself regarding a preference for a disabled student to be educated at that student's zoned school. KCBE denies any legal conclusions leapt to by Plaintiffs.[1]

14. It is admitted that to the maximum extent appropriate, students with disabilities are to be educated with nondisabled children. KCBE will not respond on behalf of any other parties or entities as to their opinions on FAPE in the LRE.

13. (sic) The allegations in the Second Paragraph 13 do not require an answer from KCBE. KCBE would again state that the IDEA and other statutes or regulations speak for themselves.

14. (sic) KCBE would state that the IDEA and other statutes or regulations and case law speak for themselves. KCBE denies any legal mischaracterizations stated by Plaintiffs in Second Paragraph 14.

15. KCBE would state that the IDEA and other statutes or regulations speak for themselves. Any implication that KCBE has failed to comply with such statutes or regulations is denied.

16. KCBE would state that the IDEA and other statutes or regulations speak for themselves. Any implication that KCBE has failed to comply with such statutes or regulations is denied.

17. KCBE would state that 20 USCS § 1412(5)(A) and case law speak for themselves.

---

[1] Plaintiffs cited 34 C.F.R. § 300.552(c) but this appears to be a mistake.

18. KCBE would state that 20 USCS § 1400(5) speaks for itself.

19. KCBE would state that 34 C.F.R. § 300.114(b)(i,ii) speaks for itself. KCBE denies any implication that placement decisions are based upon funding. Placement decisions for students with disabilities are Individualized Education Plan ("IEP") team decisions based upon each student's IEP.

20. It is admitted that W.H. has an educational disability under IDEA.

21. It is denied that KCBE categorically placed W.H. in any particular setting. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. It is denied that KCBE has a class where teachers "will love on the kids," and nothing else. All other allegations of Paragraph 21 are denied.

22. It is admitted that J.A. has an educational disability under IDEA.

23. It is denied that KCBE categorically placed J.A. in any particular setting. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP.

24. It is admitted that in the third grade, J.A.'s IEP team came to a placement decision regarding J.A.'s placement that involved time in the general education setting and a special education setting. All other allegations in Paragraph 24 are denied.

25. It is admitted that J.B. has an educational disability under IDEA.

26. It is denied that KCBE categorically placed J.B. in any particular setting. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. All other allegations in Paragraph 26 are denied.

27. To the extent that Paragraph 27 requires an answer from KCBE, KCBE denies that it has failed to train any of its staff regarding LRE or failed to attend to any TDOE training.

4

28. Paragraph 28 does not require an answer from KCBE.

29. Paragraph 29 does not require an answer from KCBE.

30. It is admitted that KCBE uses the EASY IEP software to develop a student's IEP. The other allegations in Paragraph 30 do not require an answer from KCBE.

31. It is denied that funding potential plays any part in the placement of students within the Knox County School system. Placement decisions for all students with disabilities are Individualized Education Plan ("IEP") team decisions based upon each student's IEP. To the extent that an answer is required from KCBE, all other allegations and implications in Paragraph 31 are denied.

32. All of the allegations in Paragraph 32 are denied.

33. It is admitted that sometimes drafts of IEPs are brought to IEP team meetings. It is admitted that sometimes sections of the IEP that do not apply to a student are noted with "NA." The implication that KCBE does not provide supplementary aids and services for its children is denied. It is denied that supplementary aids and services have not or are not being offered to Plaintiffs. All other allegations in Paragraph 33 are denied.

34. KCBE cannot respond to what makers of EASY IEP contemplate.  It is admitted that there are several sections within EASY IEP that relate to supplementary aids and services that may be offered to a student. It is denied that there is only ONE such "box" in which supplementary aids and services may be documented. Indeed, many **pages** of an IEP are dedicated to supplementary aids and services. It is further denied that supplementary aids and services have not or are not being offered to Plaintiffs. All other allegations in Paragraph 34 are denied.

5

35. It is admitted that Plaintiffs may need supplementary aids and services, and such decisions are made based upon the individual student by the IEP team of which Plaintiff parents are members. The implication that supplementary aids and services are not being offered to Plaintiffs is denied. The implication that funding potential played any part in the placement of Plaintiffs is denied. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP.

36. The allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

38. The implication that funding potential played any part in the placement of Plaintiffs is denied. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. It is admitted that all Plaintiffs receive varying amounts of direct specialized instruction.

39. It is denied that KCBE fails to appropriately train its staff and employees. The implication that funding potential played any part in the placement of Plaintiffs is denied. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. All other allegations in Paragraph 39 are denied.

40. It is admitted that parents of J.A. brought an ADA complaint against KCBE and that such complaint was determined to be without merit. All other allegations of Paragraph 40 are denied.

41. It is denied that funding potential played any part in the placement of Plaintiffs. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team

decisions based upon each student's IEP. Other allegations in Paragraph 41 pertaining to statements made by TDOE do not require an answer from KCBE.

42. It is denied that funding potential played any part in the placement of Plaintiffs. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP. Other allegations in Paragraph 42 pertaining to statements made by TDOE do not require an answer from KCBE.

43. It is denied that funding potential played any part in the placement of Plaintiffs. Placement decisions for all Plaintiffs were Individualized Education Plan ("IEP") team decisions based upon each student's IEP.

44. The allegations in Paragraph 44 are denied.

45. Paragraph 45 does not require an answer from KCBE.

46. Paragraph 46 does not require an answer from KCBE.

47. KCBE denies that Plaintiffs are entitled to relief in law or equity.

48. Anything not admitted or denied is hereby denied as if set out herein.


**AFFIRMATIVE DEFENSE**

1. Plaintiffs failed to state a claim upon which relief may be granted.

2. Plaintiffs' claim is barred by virtue of Plaintiffs' failure to exhaust administrative remedies pursuant to the Individuals with Disability Education Act.

3. No policy or custom of KCBE was the moving force behind alleged constitutional violations committed against Plaintiffs, if any were committed.

4. Defendant was not deliberately indifferent to subjecting Plaintiffs to a more restrictive placement.  Placement of Plaintiffs was based upon their individual educational needs.

5. Defendant is entitled to sovereign immunity.

7

6. Defendant is entitled to 11th Amendment immunity to the extent Defendant's actions are required by the State.

7. Defendant is immune pursuant to the Governmental Tort Liability Act.

8. Pursuant to 42 USC § 1988, Defendant is entitled to recover damages from Plaintiff, including but not limited to attorney's fees and costs.

9. Defendant avers that Plaintiffs' action is frivolous, unreasonable and groundless.

10. Defendant exercised good faith and appropriate decision making for Plaintiffs and the educational placements.

11. Defendant did not harm or damage Plaintiffs in this case.

12. Plaintiffs are not entitled to relief from KCBE.

13. Plaintiffs' claims are barred by the doctrine of laches.

14. Plaintiffs' claims are barred by the appropriate statute of limitations.

15. Plaintiffs waived all rights and remedies asserted by failing to contest KCBE's educational placement decisions.

16. Plaintiffs are estopped to prosecute their claims because KCBE reasonably relied to its detriment upon their express or implied consent to its educational placement decisions.

17. Plaintiffs are not entitled to any relief because they failed to mitigate damages by failing to contest KCBE's educational placement decisions.

18. Plaintiffs J.A. and parents S.A. and M.A. waived all rights and remedies asserted by agreeing to KCBE's educational placement decisions.

19. Plaintiffs J.A. and parents S.A. and M.A. are estopped to prosecute their claims because KCBE reasonably relied to its detriment upon their agreement to its educational placement decisions.

20. Plaintiffs J.A. and parents S.A. and M.A. are not entitled to any relief, because, by agreeing to KCBE's educational placement decisions, they failed to mitigate damages.

21. The claims of Plaintiffs J.A. and parents S.A. and M.A. are barred by doctrine of accord and satisfaction.

22. TDOE is responsible under IDEA for the funding formula.

23. TDOE has the same responsibilities under IDEA for a free and appropriate public education in the least restrictive environment.

24. TDOE is responsible for education under the Tennessee Constitution and the Tennessee statutes.

25. Defendant is not liable to Plaintiffs for either punitive or compensatory damages.

26. Defendant reserves the right to amend this answer as the litigation proceeds and as is just and may be acquired.

27. All claims should be dismissed.

Respectfully submitted.

s/Susan E. Crabtree
SUSAN E. CRABTREE (BPR# 010835)
Deputy Law Director


s/Amanda Lynn Morse
AMANDA L. MORSE  (BPR# 32274)
Deputy Law Director

Counsel for Defendant Knox County Board of Education

612 City-County Building
400 Main Avenue
Knoxville, TN  37902
(865) 215-2327

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, a copy of the foregoing Answer of Defendant KCBE was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

s/Susan E. Crabtree
SUSAN E. CRABTREE (BPR# 010835)
Deputy Law Director